ROSWELL C. BOOTHBY *vs.* FRANCOIS LACASSE.

Androscoggin.     Opinion December 3, 1900.

*Evidence. Experts. Negligence. Fire. Jury.*

In an action for negligently setting fire on defendant's land which commun-
icated to plaintiff's land and did damage, defendant offered "expert testimony
as to the course and direction of the fire across land intervening between
plaintiff and defendant, and that the surface of said intervening land, and the
trees and objects thereon indicated that the fire which went over said inter-
vening land went from the south toward said burnt piece of the defendant,
and not from said burnt piece of said defendant," which was excluded, and
exception taken.

A jury of practical men are fully capable of judging the course of the fire from the appearances on the ground, direction of the wind, indications upon the trees not wholly consumed, and all other existing conditions. No special skill, study or training, beyond that of the ordinary man of common intelligence and experience, is required· or involved. It is not a subject for expert testimony.

ON EXCEPTIONS BY DEFENDANT.

This was an action on the case ·for negligence in the setting and caring for fire, lawfully set and made by the defendant on his land, for the purpose of clearing it in the usual course of husbandry.

The case is stated in the opinion.

*W. H. Newell* and *W. B. Skelton,* for plaintiff.

*W. H. Judkins* and *J. G. Chabot,* for defendant.

Maine cases, like *State* v. *Watson,* 65 Maine, 74, and *Pulsifer* v. *Berry,* 87 Maine, 405, do not hit the case.

*Krippner* v. *Biebl,* 28 Minn. 140, is a case somewhat in point. In that case, the defendant set fire in his grain stubble, after plowing around the field to prevent its spreading. The fire "jumped" the space so plowed. The fact being material as to how far a fire in stubble would be liable to "jump" a fire-break, under certain conditions of wind and vegetation, it is competent for a witness, shown to have had actual knowledge of such conditions, and to have had sufficient experience with such fires, to give his judgment or opinion as to such fact.

As to the admissibility of expert evidence touching the effects of natural forces: *Western Ins. Co.* v. *Tobin,* 32 Ohio St. 77; *Folkes* v. *Chadd,* 3 Dougl. (Eng.) 157; *Frantz* v. *Ireland,* 66 Barb. 386; *Union Pac. R. R. Co.* v. *Gilland,* 4 Wyoming, 395.

If relevant, it is admissible, however slight its weight. "Testimony cannot be excluded as irrelevant, which would have a tendency, however remote, to establish the probability or improbability of the fact in controversy." *Trull* v. *True,* 32 Maine, 367; *Nickerson* v. *Gould,* 82 Maine, 512.

Additional authorities: 1 Starkie Ev. 1; *Ball* v. *Hardesty,* 38 Kans. 540; *Ohio & M. Ry. Co.* v. *Webb,* (Ill. Sup.) 33 N. E. Rep. 527.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

STROUT, J. Action for negligently setting fire on defendant's land which communicated to plaintiff's land and did damage. Defendant offered "expert testimony as to the course and direction of the fire across land intervening between plaintiff and defendant, and that the surface of said intervening land, and the trees and objects thereon indicated that the fire which went over said intervening land went from the south toward said burnt piece of the defendant, and not from said burnt piece of said defendant," which was excluded, and exception taken.

Opinions of witnesses skilled in the subject matter are admissible, when the subject so far partakes of the nature of a science or trade as to require a previous course of study or habit in order to the obtainment of a knowledge of it, but they cannot give opinions upon matters of common knowledge. *White* v. *Ballou*, 8 Allen, 408; 1 Greenl. Ev. § 440.

Whether the risk of fire is greater in an unoccupied building than in an occupied one, is not a question for expert evidence. *Joyce* v. *Maine Ins. Co.*, 45 Maine, 170; *Cannell* v. *Phoenix Ins. Co.*, 59 Maine, 582; *Thayer* v. *Providence Ins. Co.*, 70 Maine, 532. Nor whether the blowing of a locomotive whistle was reasonable or unreasonable. *Hill* v. *P. & R. Railroad Co.*, 55 Maine, 444. Nor as to the management of fires burning in heaps of brush, and lingering in piles of brands. *Pulsifer* v. *Berry*, 87 Maine, 408. Nor whether it is common for a fire to spread from leeward to windward across an open space; nor whether large fires make their own currents, frequently eddying against the prevailing wind. *State* v. *Watson*, 65 Maine, 76.

A jury of practical men are fully capable of judging the course of the fire from the appearances on the ground, direction of the wind, indications upon the trees not entirely consumed, and all other existing conditions. No special skill, study or training, beyond that of the ordinary man of common intelligence and experience, is required or involved. The offered evidence was properly excluded.

*Exceptions overruled.*